```
        IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

JACK VIRGIL WILKINSON,              )
                                    )
        Petitioner,                 ) Case No. 2:07-CV-189 TC
                                    )
    v.                              ) District Judge Tena Campbell
                                    )
STATE OF UTAH et al.,               ) MEMORANDUM DECISION -
                                    )   ORDER TO SHOW CAUSE
        Respondents.                ) Magistrate Judge David Nuffer
_____
```

Petitioner, Jack Virgil Wilkinson, filed a habeas corpus petition.[1] According to the petition, Petitioner was apparently convicted in state court on March 16, 2007. Petitioner does not state the date of final judgment when he was sentenced or if he has been sentenced yet. In proposing the dismissal of this petition, the Court bases the following analysis on the assumption that final judgment was entered after March 16, 2007, if it has been entered yet, and it would be impossible for the appeals process to have run its course by now.

Petitioner raises the following issues in this Court: ineffective assistance of counsel, evidence tampering, failure to receive a 120-day disposition, and the prosecution's mention of his past record.

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system by properly presenting to the highest available

---

[1] *See* 28 U.S.C.S. § 2254 (2007).

Utah court the federal constitutional issues on which he seeks relief.[2] However, because Petitioner apparently has yet to complete the direct appeal or state post-conviction processes, his claims appear to be unexhausted.

This Court has two options regarding a petition stating only unexhausted claims.[3] "First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims. Second, it *may* deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."[4] As shown by Congress's "use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances."[5]  Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion.'"[6] That section should therefore be read together with *Granberry v. Greer*, 481 U.S. 129, 107 S. Ct. 1671 (1987), which held that, if a court is satisfied that a habeas

---

[2] *See id.* § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276, 92 S. Ct. 509, 512-13 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2-3 (10th Cir. Nov. 9, 1998).

[3] *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing 28 U.S.C.S. § 2254(b)(1)(A) (2007)).

[4] *Id.* (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); 28 U.S.C.S. § 2254(b)(2) (2007)).

[5] *Hamill v. Ferguson*, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996).

[6] *Moore*, 288 F.3d at 1234 (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)).

petition lacks merit, use of the exhaustion rule to dismiss the petition may merely result in futile state court litigation.[7]  The Tenth Circuit has "observed that *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), suggests that in the interest of judicial economy, a court should deny a habeas petition that is *easily resolvable* against the petitioner on the merits rather than require complete exhaustion."[8]  Other courts have described the dismissal of a petition on the basis of exhaustion rather than the merits as warranted when the petition "does not obviously lack merit"[9] or is not "patently frivolous."[10]

Further, when dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed."[11]  To dismiss this petition on the merits, then, this Court must be convinced that not one of Petitioner's claims is "colorable."

Considering the grounds for habeas relief raised by Petitioner against the backdrop of § 2254(b)(2), the Court proposes to decline to use its discretion to dismiss this petition on the merits.[12]

---

[7] *See id.* (citing *Hoxsie*, 108 F.3d at 1243; *Granberry*, 481 U.S. at 133).

[8] *Rudolph v. Galetka*, No. 99-4207, 2000 WL 33407004, at *3 (D. Utah May 23, 2000).

[9] *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

[10] *Goines v. Walker*, 54 F. Supp. 2d 153, 155 (E.D.N.Y. 1999).

[11] *Moore*, 288 F.3d at 1234.

[12] *See Rudolph*, 2000 WL 33407004, at *3.

First, it is not readily apparent that Petitioner has wholly failed to raise a "colorable federal claim[]."[13] The Court therefore cannot say at this time that Petitioner's claims obviously have no merit or are patently frivolous.[14] Moreover, resolution of at least some of Petitioner's allegations would apparently entail a review of trial court records.[15] Accordingly, it seems "the claims are not 'easily resolvable' against the petitioner."[16] And, it appears to be "appropriate that [P]etitioner's . . . claim[s] be heard by a . . . [s]tate court before this Court passes on [them]."[17]

IT IS THEREFORE ORDERED that within thirty days Petitioner must show cause why his § 2254 petition should not be dismissed for failure to exhaust his state court remedies.

DATED this 11th day of June, 2007.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[13] *See id.*

[14] *See id.*; *Mercadel*, 179 F.3d at 276; *Goines*, 54 F. Supp. 2d at 155.

[15] *See Rudolph*, 2000 WL 33407004, at *3.

[16] *Id.* (citing *Cowans v. Artuz*, 14 F. Supp. 2d 503, 507 (S.D.N.Y. 1998) (dismissing petition for failure to exhaust when claims could not be resolved "without reviewing virtually the entire trial and appellate record")); *Gaylor v. Harrelson*, 962 F. Supp. 1498, 1501 (N.D. Ga. 1997) (dismissing without prejudice when petitioner raised ineffective-assistance- of-counsel claim).

[17] *Goines*, 54 F. Supp. 2d at 157.