IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| JACK VIRGIL WILKINSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:07-CV-189 TC |
| | ) | |
| v. | ) | District Judge Tena Campbell |
| | ) | |
| STATE OF UTAH, | ) | **MEMORANDUM DECISION** |
| | ) | |
| Respondent. | ) | Magistrate Judge David Nuffer |

_____

Petitioner, Jack Virgil Wilkinson, filed a habeas corpus petition in which he contests his conviction and sentencing in Utah state court.[1]   The Court denies the petition.

BACKGROUND

Petitioner was convicted in state court of illegal possession/use of a controlled substance and possession of drug paraphernalia.  On April 9, 2007, he was sentenced to one term of one-to-fifteen years and one term of up to one year.  Petitioner then filed a direct appeal, which is pending briefing in the Utah Court of Appeals.

In this federal habeas petition, Petitioner now poses these challenges to his conviction and sentencing:  (1) ineffective assistance; (2) state-court bias; (3) evidence tampering; (4) expiration of his 120-day disposition; and (5) prosecutorial misconduct.

---

[1] *See* 28 U.S.C.S. § 2254 (2007).

ANALYSIS

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system.[2]  To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  However, because Petitioner has not yet completed the direct appeal process in state court, he has not exhausted any of the claims he raises here.

This Court has two options regarding a petition stating only unexhausted claims.[4]  "First, it may dismiss the petition and allow the petitioner to [continue in] state court to exhaust his claims.  Second, it *may* deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."[5]

Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits

---

[2]*See id.* § 2254(b) & (c); *Picard v. Connor, 404 U.S. 270, 275 (1971)*; *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28232, at *2 (10th Cir. Nov. 9, 1998).

[3]*See Picard, 404 U.S. at 276*; *Knapp*, 1998 U.S. App. LEXIS 28232, at *7.

[4]*Moore v. Schoeman, 288 F.3d 1231, 1232 (10th Cir. 2002)* (citing 28 U.S.C.S. § 2254(b)(1)(A) (2007)).

[5]*Id.* (emphasis added) (citing *Rose v. Lundy, 455 U.S. 509, 510 (1982)*; *28 U.S.C.S. § 2254(b)(2) (2007)*).  "As indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances." *Hamill v. Ferguson, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996)*.

instead of insisting on complete exhaustion.'"[6]  That section should therefore be read together with *Granberry v. Greer*,[7] which held that, if a court is satisfied that a habeas petition lacks merit, use of the exhaustion rule to dismiss the petition may merely result in futile state court litigation.[8]  The Tenth Circuit has "observed that *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997), suggests that in the interest of judicial economy, a court should deny a habeas petition that is *easily resolvable* against the petitioner on the merits rather than require complete exhaustion."[9]  Other courts have described the dismissal of a petition on the basis of exhaustion rather than the merits as warranted when the petition "does not obviously lack merit,"[10] or is not "patently frivolous."[11]

Considering the grounds for habeas relief raised by Petitioner against the backdrop of § 2254(b)(2), the Court declines to use its discretion to dismiss this petition on the

---

[6]*Id.* at 1234 (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)).

[7]481 U.S. 129 (1987).

[8]*See Moore*, 288 F.3d at 1234 (citing *Hoxsie*, 108 F.3d at 1243; *Granberry*, 481 U.S. at 133).

[9]*Rudolph v. Galetka*, No. 2:99-CV-371-K, 2000 U.S. Dist. LEXIS 22875, at *4 (D. Utah April 18, 2000).

[10]*Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

[11]*Goines v. Walker*, 54 F. Supp. 2d 153, 155 (E.D.N.Y. 1999).

merits.[12]  First, it is not readily apparent that Petitioner has wholly failed to raise a "colorable federal claim[]."[13]  The Court therefore cannot say that Petitioner's claims obviously have no merit or are patently frivolous.[14]  Moreover, resolution of at least some of Petitioner's allegations would entail a review of trial court records.[15]

Accordingly, "the claims are not 'easily resolvable' against the petitioner."[16]  And, "it is appropriate that [P]etitioner's . . . claim[s] be heard by a . . . [s]tate court before this Court passes on [them]."[17]

A related ground for denying this federal petition is the *Younger* abstention doctrine.[18]  After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in

---

[12]*See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *5.

[13]*See id.* at *6.  When dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed." *Moore, 288 F.3d at 1234*.  To dismiss this petition on the merits, then, this Court must be convinced that not one of Petitioner's claims is "colorable."

[14]*See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *4-5 & n.1; *Mercadel, 179 F.3d at 276*; *Goines, 54 F. Supp. 2d at 155*.

[15]*See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *6.

[16]*Id.* (citing *Cowans v. Artuz, 14 F. Supp. 2d 503, 507 (S.D.N.Y. 1998)* (dismissing petition for failure to exhaust when claims could not be resolved "without reviewing virtually the entire trial and appellate record")).

[17]*Goines, 54 F. Supp. 2d at 157*.

[18]*See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2.

considerations of federal-state comity,"[19] as defined in *Younger v. Harris*.[20]  The test for determining whether to abstain has three parts:  "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'"[21]

Applying the test here, the Court first determines that there is a pending state judicial proceeding.  Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'"[22]  Considering that Petitioner actually attacks--both here and in state court--proceedings related to his criminal case, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest.[23]  Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court.  In

---

[19] *Preiser v. Rodriguez, 93 S. Ct. 1827, 1837 (1973)*.

[20] *401 U.S. 37, 44 (1971)*.

[21] *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv., 871 F. Supp. 1331, 1356 (D. Kan. 1994)* (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

[22] *Id.* (quoting *Middlesex County Ethics Comm., 457 U.S. at 432*).

[23] *Id.*

fact, as explained above, by federal statute, he generally *must* raise his challenges in state court first before bringing them here.[24]

IT IS THEREFORE ORDERED that Petitioner's § 2254 petition is dismissed without prejudice because he has failed to exhaust his claims in state court, and, alternatively, because this Court abstains in light of ongoing state criminal proceedings.

DATED this 19th day of November, 2007.

BY THE COURT:

_____
TENA CAMPBELL, CHIEF JUDGE
United States District Court

---

[24]*See* 28 U.S.C.S. § 2254 (b) & (c) (2007); *Picard, 404 U.S. at 275*; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.